# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

**V.**                                                           **CAUSE NO. 3:12-CR-118-CWR-FKB-12**

**FREDERICK B. STOWERS**                                                           **DEFENDANT**

## ORDER

On January 31, 2014, Frederick B. Stowers pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. On April 22, 2014, this Court sentenced him to a term of 42 months, followed by three years of supervised release. Stowers was released from the custody of Bureau of Prisons and placed on supervised release on or about March 10, 2016.

Stowers, acting *pro se*, filed the instant Motion for Modification of Supervised Release on January 18, 2018. He requests that the Court, pursuant to 18 U.S.C. § 3583(e)(1), terminate his term of supervised release before its scheduled expiration date. He has currently served two of the three years of his supervised release. The Government opposes the Motion.

After the expiration of one year of supervised release, the district court may terminate a term of supervised release under § 3583(e)(1). *United States v. Zimmerman*, 481 F. App'x 199, 200-01 (5th Cir. 2012). The court must weigh several factors, including the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentence and sentencing ranges available. *See* 18 U.S.C. § 3553(a). Section 3583(e)(1) provides the court with broad discretion in determining whether to terminate supervised release. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

In support of his motion, Stowers asserts that he has complied with the terms and conditions of his probation. He states that he is happily married, a loving father, and a cook for the Combination "One Way" Riders horse club, a member of his church, and an active community member.

Nevertheless, the Court rules that a termination of Stowers' supervised release is not warranted, as the factors listed in § 3553(a) weigh in favor of continued supervised release. Although Stowers' behavior over the past two years demonstrates that termination will not likely lead to public safety concerns, and he is commended, the Court finds that his supervised release should continue given the nature of his offense and the lower sentence he received through his plea agreement. Further, Stowers has not argued that any particular hardship will result from its completion.

For these reasons, Stowers' Motion is DENIED.

**SO ORDERED,** this the 26th day of April, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE